## Richmond.

FOSTER V. SUPERVISORS OF KING & QUEEN COUNTY.

December 4, 1884.

COUNTY JUDGES—*Salaries.*—F. was duly commissioned and qualified, and acted as county judge for the two counties of K. W. and K. & Q. until the general assembly ascertained that K. & Q. county had eight thousand inhabitants and made it a judicial district, and J. was elected and commissioned, and qualified as county judge thereof, and assumed the office. Nevertheless F., claiming still to be judge of K. & Q. county, and to be entitled to the salary as such, applied to this court for a *mandamus* to compel the supervisors of K. & Q. to pay it.

HELD:

F. is no longer judge of K. &. Q. county court, and is of course not entitled to receive a salary as such.

Upon petition for writ of *mandamus.*

*George P. Haw,* for the petitioner.

*H. R. Pollard,* for the respondents.

HINTON, J., delivered the opinion of the court:

This is the sequel to the case of *Foster* v. *Jones,* in which the decision of this court has just been rendered. It is an application on the part of the Hon. John D. Foster, for a writ of peremptory *mandamus* to compel the supervisors of King & Queen county to issue and deliver to him a warrant upon the treasurer

VOL. LXXIX—80.

of that county for salary as judge of said county. This application is based upon the assumption that he is the judge of that county. It has, however, been determined in *Foster* v. *Jones,* for the reasons set out in the opinion of the court, that the petitioner is not the judge of King & Queen county, and it follows, as a matter of course, that he can have no claim for salary as judge thereof. As for this reason the writ must, in any event, be denied, it becomes unneccessary for us to consider the question raised by the demurrer, whether *mandamus* is the proper remedy in cases of this character, or whether the remedy is by appeal under the provisions of section 14 of chapter 58 of the Acts of 1878–79. The writ is denied, the rule discharged and the petition dismissed.

MANDAMUS DENIED.